IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03063-REB-MJW

AARON JORDAN,

Plaintiff,

v.

RYAN M. SMITH (agent),
OFFICER HAWKINS #49252 (official capacity suit),
MOVIE TAVERN, and
CITY OF AURORA,

Defendants.

## RECOMMENDATION THAT THE CLAIMS AGAINST DEFENDANTS RYAN M. SMITH AND MOVIE TAVERN BE DISMISSED

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by Judge Robert E. Blackburn on November 12, 2013 (Docket No. 3).

This action was commenced on November 12, 2013 (Docket No. 1). On January 28, 2014, the court entered a Show Cause Order (Docket No. 34). The court noted that Defendant Ryan M. Smith and Defendant Movie Tavern had not yet been served. The Court directed plaintiff to provide proof of service for those defendants. A show cause hearing was set for April 8, 2014.

At the April 8, 2014 hearing, the court noted that service had still not been properly effected as required under Fed. R. Civ. P. 4. No return of service or waiver has been filed as to Defendant Ryan M. Smith. The court therefore finds that plaintiff has failed to demonstrate that Defendant Ryan M. Smith was properly served in accordance

with Fed. R. Civ. P. 4(e).

As to Defendant Movie Tavern, no waiver of service has been filed. However, a copy of a certified mail receipt (Docket No. 49) was filed on March 25, 2014. It is difficult to discern the name of the person who signed to receipt.

Service may be effected on a corporation, partnership, or association "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process - and if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

There is no indication in the purported return of service (Docket No. 49), or elsewhere on the docket, regarding the identity of the individual who signed the return receipt and whether he or she is an "officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." The court therefore finds that plaintiff has not demonstrated that Defendant Movie Tavern has been served in accordance with Fed. R. Civ. P. 4(h)(1)(B). Further, plaintiff has failed to demonstrate that he has complied with the service requirements for the State of Colorado. See Fed. R. Civ. P. 4(e)(1). The court therefore finds that plaintiff has failed to demonstrate that Defendant Movie Town was properly served in accordance with Fed. R. Civ. P. 4(e).

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend

> the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

> In addition, Local Rule 41.1 provides:
>
> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against Defendant Ryan M. Smith and Defendant Movie Town should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999);**

**Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: April 8, 2014          s/ Michael J. Watanabe
      Denver, Colorado          Michael J. Watanabe
                                             United States Magistrate Judge