IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03063-REB-MJW

AARON JORDAN,

Plaintiff,

v.

RYAN M. SMITH (agent),
OFFICER HAWKINS #49252 (official capacity suit),
MOVIE TAVERN, and
CITY OF AURORA,

Defendants.

**RECOMMENDATION ON
AURORA DEFENDANTS' MOTION TO DISMISS OFFICER HAWKINS
(Docket No. 27)
and
AURORA DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.
RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE
GRANTED (Docket No. 38)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 3) issued by Judge Robert E. Blackburn on November 12, 2013.

**PLAINTIFF'S ALLEGATIONS**

*Pro se* plaintiff Aaron Jordan asserts the following in his Complaint (Docket No. 1). Although plaintiff's allegations are difficult to decipher, it appears that plaintiff alleges that defendants participated in some sort of conspiracy to ban him from the Movie Tavern complex. Plaintiff alleges that he was banned from the strip mall Movie Tavern is located in due to the "smell of marijuana."

2

Plaintiff makes several claims under 42 U.S.C. § 1983, including Fourth Amendment, Fourteenth Amendment, and Equal Protection claims

**PENDING MOTIONS**

Now before the court for a report and recommendation are**:** (I) Aurora Defendants' Motion to Dismiss Officer Hawkins (Docket No. 27) filed on January 8, 2014; and (II) Aurora Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) for Failure to State a Claim Upon Which Relief May be Granted (Docket No. 38) filed on February 18, 2014.

The court has carefully considered the Complaint (Docket No. 1) and the motions to dismiss (Docket Nos. 27 & 38).  Plaintiff was afforded lengthy extensions to file responses to the subject motions.  Specifically, plaintiff was given until February 21, 2014 to file a response to Aurora Defendants' Motion to Dismiss Officer Hawkins (Docket No. 27).  See Docket No. 32.  In addition, plaintiff was given until April 1, 2014 to file a response to Aurora Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) for Failure to State a Claim Upon Which Relief May be Granted (Docket No. 38).  See Docket No. 48.  As of the date of this order, plaintiff has not filed responses to either of the subject motions to dismiss.

Plaintiff argues that lack of writing material and his incarceration has made it impossible for him to files responses.  The court notes, however, that plaintiff has filed multiple law suits while he has been incarcerated (13-cv-01650-REB-MJW, 13-cv-01675-REB-MJW, 13-cv-03063-REB-MJW, 14-cv-00185-REB-MJW).  These cases, and plaintiff's numerous filings within each case, directly contradicts plaintiff's contention

3

that he is unable to file responses to the subject motions to dismiss.

In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

4

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012).  The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding pro se.  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

5

2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues).  The plaintiff's pro se status does not entitle him to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**ANALYSIS**

Plaintiff has named both Officer Hawkins, in his official capacity, and his employer, City of Aurora, as defendants in this matter.  Plaintiff's suit against Officer Hawkins in his official capacity is equivalent to a suit against the City of Aurora itself. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").  Therefore, the claims against Officer Hawkins are, in effect, the same as the claims brought against the City of Aurora.

Liability can be imposed on the City of Aurora only if (1) a constitutional violation

6

occurred, see City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam), and (2) the violation was caused by a government policy or custom, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  A government entity is not liable under 42 U.S.C. § 1983 solely because their employees have inflicted injury on a plaintiff. Monell, 436 U.S. at 694; Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993).  A government policy or custom may be manifested either in the acts of "its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  Monell, 436 U.S. at 694.

Plaintiff's Complaint (Docket No. 1) is completely devoid of any allegations regarding unconstitutional custom or policy of the City of Aurora.  Accordingly, the court finds that plaintiff has failed to state a claim for relief, and plaintiff's Complaint should be dismissed as against Officer Hawkins and the City of Aurora.

The court further notes that plaintiff is fully aware of the Monell requirements. Both Magistrate Judge Boland and Judge Babcock advised plaintiff of those requirements in 12-cv-01634-BNB, Docket Nos. 4 & 7.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Aurora Defendants' Motion to Dismiss Officer Hawkins (Docket No. 27) and Aurora Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) for Failure to State a Claim Upon Which Relief May be Granted (Docket No. 38)  be **GRANTED**, and plaintiff's claims against Defendant Officer Hawkins and

Defendant City of Aurora be dismissed with prejudice.[1]

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 8, 2014              s/ Michael J. Watanabe
       Denver, Colorado           Michael J. Watanabe
                                  United States Magistrate Judge

---

[1] The court has entered a separate recommendation (Docket No. 52), recommending that the two other defendants, Ryan M. Smith and Movie Tavern, be dismissed for lack of service.