IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No.  13-cv-03063-REB-MJW

AARON JORDAN,

      Plaintiff,

v.

OFFICER HAWKINS #49252 (official capacity suit), and
CITY OF AURORA,

      Defendants.

---

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

---

**Blackburn, J.**

      The matters before me are (1) the magistrate judge's **Recommendation on Aurora Defendants' Motion To Dismiss Officer Hawkins (Docket No. 27) and Aurora Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) for Failure To State a Claim Upon Which Relief May Be Granted (Docket No. 38)** [#53],[1] filed April 8, 2014; and (2) plaintiff's **Objection to Failure To State a Claim Upon Which Relief May Be Granted 12(b)(6)** [#54], filed April 23, 2014, which I construe as an objection to the recommendation.[2]  Thus construed, I overrule the

---

[1]  "[#53]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2]  Plaintiff introduces his objection by stating that it "is presented in opposition to the state's failure to state a claims for relief motion (Docket No. 38 filed 2/18/2014]."  As the magistrate judge detailed in his recommendation, although plaintiff was afforded ample time to respond to the motions to dismiss, he failed to file responses to either motion within event the extended deadlines established by the magistrate judge.

objection, adopt the recommendation, and grant the apposite motions to dismiss.

Plaintiff is proceeding pro se. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed de novo all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

Nevertheless, plaintiff has failed to state cognizable claims against either of the two remaining defendants in this lawsuit.  As the magistrate judge noted, plaintiff's suit against Officer Hawkins, who is expressly sued only in his official capacity, is essentially a suit against the City of Aurora.  *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).  Therefore, Officer Hawkins is properly dismissed as a party defendant to this lawsuit.

Moreover, with respect to plaintiff's claims against the City, the complaint fails to allege an unconstitutional custom or policy that might subject the City to liability for the alleged actions of Officer Hawkins.  *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978). Although plaintiff objects that the complaint "details illegal customs and policies of a local decisionmaker," he fails to specify how this essential element of his section 1983

2

claim against the City is adequately alleged.[3]

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That magistrate judge's **Recommendation on Aurora Defendants' Motion To Dismiss Officer Hawkins (Docket No. 27) and Aurora Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. Rule 12(b)(6) for Failure To State a Claim Upon Which Relief May Be Granted (Docket No. 38)** [#53], filed April 8, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2.  That the objections stated in plaintiff's **Objection to Failure To State a Claim Upon Which Relief May Be Granted 12(b)(6)** [#54], filed April 23, 2014, construed as an objection to the recommendation, are **OVERRULED**;

3.  That the **Aurora Defendants' Motion To Dismiss Officer Hawkins and To Recaption Case** [#27], filed January 8, 2014, is **GRANTED**;

4.  That the **Aurora Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b0(6) for Failure To State a Claim Upon Which Relief May Be Granted** [#38], filed February 18, 2014, is **GRANTED**;

---

[3] Plaintiff appears to misunderstand the nature of his claim and its attendant pleading burden.  He asserts that he was illegally seized and searched "in violation of both government customs," citing to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).  Although *Terry* establishes the parameters of a Fourth Amendment claim for stop and frisk, to te a claim for violation of that right against the City, plaintiff must properly allege that the seizure and or search were accomplished pursuant to an official policy or custom.  This he has failed to do.

5.  That plaintiff's claims against defendant, Officer Hawkins #49252 (official capacity suit), are **DISMISSED WITH PREJUDICE**;

6.  That plaintiff's claims against defendant, the City of Aurora, are **DISMISSED WITHOUT PREJUDICE**;

7.  That judgment **SHALL ENTER** as follows:

a.  That judgment with prejudice shall enter on behalf of defendant, Officer Hawkins #49252 (official capacity suit), and against plaintiff, Aaron Jordan, as to all claims and causes of action asserted herein;

b.  That judgment without prejudice shall enter on behalf of defendant, City of Aurora, and against plaintiff, Aaron Jordan, as to all claims and causes of action asserted herein; and

c.  That judgment without prejudice shall enter on behalf of defendants, Ryan M. Smith and Movie Tavern, and against plaintiff, Aaron Jordan, in accordance with my **Order Adopting Recommendation of United States Magistrate Judge** [#55], filed June 9, 2014; and

8.  That this case is **CLOSED**.

Dated June 9, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

4